**XIN DONG, Petitioner,**

v.

**Alberto R. GONZALES * Respondent.**

**No. 04–4175.**

United States Court of Appeals,
Second Circuit.

May 3, 2006.

Thomas V. Massucci, New York, N.Y., for Petitioner.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Thomas E. Johnston, United States Attorney, Wheeling, WV; Betsy S. Jividen, Assistant United States Attorney, Wheeling, WV; Peter Keisler, Assistant United States Attorney, Washington, D.C., on submission., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, Jr., Circuit Judges, and Hon. LOUIS F. OBERDORFER, District Judge.**

## SUMMARY ORDER

Xin Dong, a citizen of the People's Republic of China, petitions for review of the July 7, 2004 order of the Board of Immigration Appeals ("BIA"), summarily affirming without an opinion an immigration judge's ("IJ") denial of Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordering removal. We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

Dong alleged persecution on account of his opposition to China's family planning policy. Dong alleged that he was a driver for a director of a local family planning office in the Fujian Province, and that he was detained and hit by the Chinese police when he warned several women that family planning officials were going to force them to have an abortion or to be sterilized. The IJ found Dong's testimony not credible and accordingly concluded that Dong did not qualify for asylum or for withholding of removal under the Immigration and Nationality Act ("INA") or the CAT. The IJ further found that, even if Dong had testified credibly, he had not established a claim for asylum or withholding of removal or CAT relief.

** The Honorable Louis F. Oberdorfer, United States District Court for the District of Co-lumbia, sitting by designation.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000). "Our review of the IJ's credibility findings is highly deferential." *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (citing *Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004)). This does not, however, mean that credibility findings are unreviewable. *Secaida–Rosales,* 331 F.3d at 307. We require the IJ to give "specific, cogent" reasons for rejecting testimony on credibility grounds, and that those reasons bear a "legitimate nexus" to the finding. *Id.* at 307. "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang,* 386 F.3d at 74 (citations and internal quotation marks omitted).

■ Here, the IJ's credibility decision was based upon substantial evidence.

Much of Dong's story *is* implausible: for example, as the IJ observed, Dong claims that he was simply a driver, and that he had no involvement in enforcing family planning policies or in transporting women to the hospitals; at the same time, Dong alleges that he had inside information on who would be targeted by the family planning officials and where they lived. This account seems tailored to circumvent the rule that participants in persecution are ineligible for relief under the INA. *See Xie v. INS,* 434 F.3d 136 (2d Cir.2006). Likewise, it is unlikely that someone who is in hiding from hospital officials would go to the hospital to seek medical treatment for such a non-threatening ailment as a sore throat. That Dong had no documentary evidence (other than affidavits from Dong and interested family members) of his employment with the family planning agency or of his arrest further undercuts the plausibility of his story.

The IJ also noted a number of inconsistencies in the documentary evidence proffered by Dong. Taken individually, the inconsistencies may be considered relatively minor; the cumulative effect, however, undercuts credibility. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 160 n. 15 (2d Cir.2006) ("Although the IJ acknowledged that these inconsistencies were minor, the IJ did not err in stressing the cumulative impact of such inconsistencies in making his adverse credibility determination.") (internal quotation marks omitted); *Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d Cir.2005) ("We will affirm if the IJ's finding is supported by evidence that is 'reasonable, substantial, and probative' when considered in light of

the record as a whole.") (quoting *Diallo,* 232 F.3d at 287 (2d Cir.2000)). Although Dong offered explanations for the inconsistencies, it was also not unreasonable for the IJ—who observed Dong's demeanor— to reject the explanations.

■ We therefore decline to disturb the IJ's denial of asylum. The IJ's finding that Dong has not established a well-founded fear of persecution supports the denial of withholding of removal and CAT relief.[1]

The petition is hereby **DENIED.**

---

1. In light of our conclusion that substantial evidence supports the IJ's adverse credibility determination, we do not reach the issues of whether, were Dong's testimony credited, his allegations establish past persecution or the likelihood of future persecution or torture.

